IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01832-DME

STEVAN DITTMER,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST,

    Defendant.

**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

On August 2, 2010, Plaintiff Stevan Dittmer moved for issuance of a temporary restraining order (TRO) without providing notice to Defendant Deutsche Bank National Trust. Federal Rule of Civil Procedure 65(b)(1) permits a court to issue a TRO without notice to the opposing party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B). Plaintiff has not complied with either requirement[1], nor has he complied with Local Rule 65.1(C) of the District of Colorado, which requires that a "properly completed temporary

---

[1] Plaintiff did submit a document entitled "Affidavit," but that document mostly recites Plaintiff's allegations and does not aver facts "that the affiant is personally familiar with . . . so that he could personally testify as a witness." 3 Am. Jur. 2d Affidavits § 14. Even if the Court did accept this document as an affidavit, nothing in it convinces the Court that it must order relief prior to giving Defendant an opportunity to be heard, particularly as the foreclosure sale is apparently scheduled for August 18, 2010, giving ample time for Plaintiff to provide notice to Defendant.

restraining order information sheet" be provided to the clerk at the time the motion for the TRO is filed. D. Colo. Civ. R. 65.1(C).

Plaintiff also requests that the court issue a preliminary injunction without notice to Defendant. The court lacks the authority to do so, however, as the Rules provide that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1); see also First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993) ("The only type of injunctive relief that a district court may issue ex parte is a temporary restraining order.").

Accordingly, Plaintiff's Petition for Restraining Order [Doc. No. 2] and Petition for Temporary Injunction [Doc. No. 4] are hereby DENIED without prejudice.

Dated this ____4th____ day of _____August__, 2010.

BY THE COURT:

s/ David M. Ebel

U. S. CIRCUIT COURT JUDGE