**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-01832-DME-KMT

STEVAN WAYNE DITTMER

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST

    Defendant.

---

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

---

    Defendant, Deutsche Bank National Trust Company, by its counsel Hellerstein and Shore, P. C., hereby replies to Plaintiff's response to Defendant's Motion to Dismiss for Plaintiff's failure to comply with this Court's Show Cause Order of August 11, 2010, as follows:

1.    In Plaintiff's response, Plaintiff contends that the *Younger* and *Rooker-Feldman* doctrines are inapplicable to this case because this case involves federal law.

2. The applicability of federal law is not the issue. Rather, the issue is whether this case requests relief that would interfere with similar relief being sought by the Plaintiff in state court.

3. The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction in cases involving challenges to state-court judgments rendered before the district court cases are commenced. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The *Younger* doctrine provides that the abstention applies even if the state court proceedings are on-going, provided they implicate important state interests with which a federal judgment would interfere. *Younger v. Harris*, 401 U.S. 37, 54 (1971).

4. Plaintiff's Prayer for relief in his Complaint (Petition) asks the Court to prevent Defendant from foreclosing his property. In Plaintiff's response to Defendant's Motion for more definite statement, he confirms that his primary desire is to quiet title to his property. *See* Plaintiff's first prayer for relief in Plaintiff's response to Defendant's Motion for more definite statement (Plaintiff's More Definite Statement as Per Rule 12), at page 21.

5. Upon information and belief (Defendant has not yet been properly served in that case), Plaintiff's state court action against this Defendant and other defendants named therein (El Paso County, Colorado, District Court Case No. 10CV374) asks that Court to "permanently enjoin Defendants, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from taking or selling in any fashion or taking possession of the subject property."

WHEREFORE, Defendant respectfully requests the Court to dismiss this case for Plaintiff's failure to show cause why this action should not be dismissed in light of the *Younger* and *Rooker-Feldman* doctrines.

Dated:  October 5, 2010

        HELLERSTEIN AND SHORE, P.C.

        By:  /s/ Scott D. Toebben
        David A. Shore, Colo. Registration No. 19973
        Scott D Toebben, Registration No. 19011
        Edward P. O'Brien, Colo. Registration No. 11572
        Attorneys for Defendant, Deutsche Bank National Trust Company
        5347 South Valentia Way, Suite 100
        Greenwood Village, Colorado 80111
        303-573-1080; 303-571-1271 (fax)
        stoebben@shoreattys.com
        dshore@shoreattys.com
        eobrien@shoreattys.com

## CERTIFICATE OF SERVICE

I certify that I served copies of the foregoing Reply to Plaintiff's Response to Defendant's Motion to Dismiss by depositing the same in the U.S. Mail, postage paid, to the following this fifth day of October, 2010:

Stevan W. Dittmer
10720 S. Forest Dr.
Colorado Springs, CO 80908

        /s/   Lauren E. Tew
            Lauren E. Tew