IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01832–DME–KMT

STEVAN DITTMER,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Defendant's "Motion for More Definite Statement" (Doc. No. 15) and on Defendant's "Motion to Dismiss for Plaintiff's Failure to Comply with Court's Show Cause Order of August 11, 2010" (Doc. No. 21).

    Plaintiff initiated this lawsuit on August 2, 2010 with a complaint against Deutsche Bank National Trust (Doc. No. 1), a "Petition for Restraining Order" (Doc. No. 2) and a "Petition for Temporary Injunction" (Doc. No. 4).  On August 4, 2010, the Court denied the motions for a temporary restraining order and for a preliminary injunction because Plaintiff had not provided notice to Defendant or complied with other requirements of Federal Rule of Civil Procedure 65 and District of Colorado Local Rule 65.1(C).  (*See* Doc. No. 7.)  On August 9, 2010 Plaintiff filed two more motions for a restraining order.  (*See* Doc. Nos. 10 & 11.)  Noting that Plaintiff

had refiled essentially the same motions, still without providing notice to Defendant, the Court denied the motions on August 11, 2010.  (Doc. No. 13.)  The Court also ordered Plaintiff to show cause within fourteen days why this action should not be dismissed for lack of jurisdiction under the *Rooker-Feldman*[1] and *Younger*[2] abstention doctrines.  (*Id.*)

Plaintiff did not respond to the show cause order by August 25, 2010.  On August 27, 2010, Defendant filed its motion for a more definite statement, and on September 17, 2010, Defendant filed the motion to dismiss based on Plaintiff's failure to comply with the show cause order.  Plaintiff responded to Defendant's motion for a more definite statement by filing a document entitled "More Definite Statement as Per Rule 12."  (Doc. No. 20.)  On September 30, 2010, in response to Defendant's motion to dismiss, Plaintiff filed a document entitled "Petition for No Answer Default" in which he discusses *Rooker-Feldman* and *Younger* abstention.  (*See* Doc. No. 23.)  Defendant replied in support of its motion to dismiss (Doc. No. 24) but did not file a reply supporting the motion for a more definite statement.  The motions are ripe for review and recommendation.

## MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT'S SHOW CAUSE ORDER OF AUGUST 11, 2010

Defendant moves to dismiss due to Plaintiff's failure to comply with the Court's August 11, 2010 show cause order.  Plaintiff did not timely respond to the order to show cause or

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

otherwise address the Court's concerns that it lacks jurisdiction, until he responded to Defendant's motion to dismiss on September 30, 2010. His response, however, does not meaningfully address the Court's concerns.

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is confined to cases where the state-court loser filed suit in federal court after the state proceedings became final. *Id.* at 291.

*Younger* abstention, by contrast, applies even if the state proceedings are ongoing, provided that the state action implicates important state interests with which a federal judgment would interfere. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). *Younger* requires 1) an ongoing state criminal, civil, or administrative proceeding, 2) an adequate state forum to hear the claims raised in the federal complaint, and 3) that the state proceeding involve important state interests, such as matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). If all of these requirements are met, abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain. *Id.*

In his response to Defendant's motion to dismiss, Plaintiff appears to argue that *Rooker-Feldman* and *Younger* abstention do not apply because the state proceedings involve state law issues while the federal suit raises issues of federal law. (*See* Doc. 23 at 1-2.) The fact alone

that the state proceedings involve state law issues while Plaintiff raises federal law claims in federal court does not determine whether the *Rooker-Feldman* doctrine or *Younger* abstention apply to this suit.  Rather, the question is whether the exercise of federal court jurisdiction would constitute appellate review of a state court judgment or would improperly interfere with the state court proceedings.  As the Court previously noted in its show cause order, although Plaintiff purported to seek an injunction of a nonjudicial foreclosure sale, he attached an order from the state district court of El Paso County, Colorado, authorizing the sale of Plaintiff's property. (Doc. No. 13 at 1.)  Plaintiff's response acknowledges the existence of state cases, but provides insufficient information about those proceedings from which the court can determine that *Rooker-Feldman* or *Younger* do not apply.  (*See* Doc. No. 23 at 2.)

In considering whether dismissal is an appropriate sanction for failure to comply with a court order, the court should consider 1) the degree of actual prejudice to the opposing party, 2) the amount of interference with the judicial process, 3) the culpability of the litigant, 4) whether the court warned the party in advance that dismissal of the action would be a likely sanction, and 5) the efficacy of lesser sanctions.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

In this case, dismissal is appropriate.  Although Defendant has not yet been hugely burdened by Plaintiff's failure to comply with the show cause order, it was forced to file a motion to dismiss based on that failure.  The Court is under a constant obligation to confirm that it has jurisdiction over a matter.  *See* Fed. R. Civ. P. 12(h)(3).  Plaintiff's failure to comply with the show cause order to address the Court's concerns regarding jurisdiction has thus interfered in

the judicial process.  Plaintiff is clearly responsible for his noncompliance, as he admits that he did not respond to the show cause order because he considered that it referred to the state proceedings and not to the issues of federal law contained in his federal complaint.  (Doc. No. 23 at 1-2.)  The Court warned Plaintiff that his action could be dismissed if he failed to show why it did not run afoul of the *Rooker-Feldman* and *Younger* abstention doctrines.  Because of the Court's jurisdictional concerns and Plaintiff's failure to address them, dismissal appears to be the appropriate action.  However, recognizing that, due to Plaintiff's failure to provide information regarding the state court proceedings, the court cannot determine definitively that *Rooker-Feldman* or *Younger* abstention apply, the dismissal should be without prejudice.  Accordingly, the court concludes that Defendant's motion to dismiss for failure to comply with the show cause order should be granted.  Given this determination, Defendant's motion for a more definite statement is moot.  It is therefore RECOMMENDED that

    1) Defendant's "Motion to Dismiss for Plaintiff's Failure to Comply with Court's Show Cause Order of August 11, 2010" (Doc. No. 21) be GRANTED, and

    2) Defendant's "Motion for More Definite Statement" (Doc. No. 15) be DENIED as moot, and

    3) this action be dismissed without prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of October, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge